1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  CHRIS LANGER,                    )  Case No. 07cv0560-J (BLM)
                                     )
12            Plaintiff,             )  **NOTICE AND ORDER FOR EARLY**
                                     )  **NEUTRAL EVALUATION CONFERENCE**
13  v.                               )
                                     )
14  RAINBOW OAKS, INC., A            )
    California corporation; KEVIN    )
15  D. BITHER; CINDY L. BITHER;      )
    RANDY L LAPIERRE; WENDY L.       )
16  LAPIERE, and DOES 1 through      )
    100, inclusive,                  )
17                                   )
              Defendants.            )
18  _____  )

19

20          **IT IS HEREBY ORDERED** that an Early Neutral Evaluation (ENE) of your

21  case will be held on **May 16, 2007** at **1:30 p.m.** in the chambers of the

22  Honorable Barbara L. Major, United States Magistrate Judge, **located at**

23  **940 Front Street, Suite 5140, San Diego, California, 92101**.

24          **The following are mandatory guidelines for the parties preparing**

25  **for the Early Neutral Evaluation Conference.**

26          1.    **Purpose of Conference**:  The purpose of the ENE is to permit

27  an  informal  discussion  between  the  attorneys,  parties,  and  the

28  settlement judge of every aspect of the lawsuit in an effort to achieve

    an early resolution of the case.  All conference discussions will be

informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

2.   **Personal Appearance of Parties Required**:   All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.   Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  **Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least seventy-two (72) hours prior to the conference.**  Failure to appear at the ENE conference will be grounds for sanctions.

3.   **Full Settlement Authority Required**:   In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference.   In the case

---

[1]   "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's

of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

    4.   **Confidential ENE Statements Optional**:  The parties may, but are not required to, submit prior to the ENE confidential statements no more than five (5) pages in length directly to the chambers of the Honorable Barbara L. Major.  **These confidential statements shall not be filed or served on opposing counsel.**

    5.   **New Parties Must be Notified by Plaintiff's Counsel**:  Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

    6.   **Requests to Continue an ENE Conference**:  Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer.  Requests to continue ENEs are rarely granted.  However, the Court will consider formal, written, *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate.  In and of itself, having to travel a long distance to appear in person is not "extraordinary."

_Foods, Inc._, 270 F.3d 590, 595-97 (8th Cir. 2001).

3

**Absent extraordinary circumstances, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no less than seven (7) days prior to the scheduled conference.**

Based upon the Court's familiarity with cases brought pursuant to the Americans with Disabilities Act, and in the interest of promoting the just, efficient, and economical determination of this action, the Court issues the following orders:

1.   All discovery shall be stayed in this case until after the Rule 26(f) conference;

2.   **Twenty-one (21) days** prior to the ENE, Plaintiff's counsel shall lodge with Magistrate Judge Major's chambers, and serve on opposing counsel, a statement <u>no more than two (2) pages in length</u>, including the following information:

a.   An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act.  A recitation of regulations, by number, will not satisfy this requirement.  The claimed violations must be specifically described.

b.   A statement of the amount and category of damages claimed by Plaintiff in this action.

c.   The amount claimed for attorneys' fees and costs; and

d.   The Plaintiff's demand for settlement of the case in its entirety.

3.   **At least fourteen (14) days** prior to the ENE, lead counsel responsible for the case and any unrepresented parties, along with property managers of commercial locations, shall meet and confer in person <u>at the subject premises</u> regarding settlement of:

a.   The premises violations alleged; and

4

1        b.    Damages, costs, and attorneys' fees claims.

2 Plaintiff's counsel shall be responsible for making arrangements for the

3 conference.

4        4.  **At least seven (7) days** prior to the ENE, counsel shall lodge

5 with Magistrate Judge Major's chambers a <u>joint statement</u> advising the

6 Court of the status of settlement negotiations and setting forth all

7 issues in dispute, including property issues, Plaintiff's alleged

8 damages, and the claim for attorneys' fees and costs, along with a

9 description of any settlement demands and/or offers exchanged.

10       5.  Plaintiff's counsel shall be prepared to present to the Court

11 for *in camera* review at the ENE documentation supporting the amount of

12 attorneys' fees and costs claimed.

13      Questions regarding this case may be directed to the Magistrate

14 Judge's law clerk at (619) 557-7372.

16 DATED:  April 23, 2007

18                   BARBARA L. MAJOR
                     United States Magistrate Judge

22 COPY TO:

23 HONORABLE NAPOLEON A. JONES, JR.

24 U.S. DISTRICT JUDGE

25 ALL COUNSEL

07cv0560-J (BLM)

**NOTICE OF RIGHT TO CONSENT TO TRIAL**
**BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on Form 1A available in the Clerk's Office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment.  Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court.  Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgements of U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.

07cv0560-J (BLM)